**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4260**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CYNTHIA BEASLEY O'BRIANT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, Chief District Judge. (CR-04-52)

Submitted: February 6, 2006          Decided: February 15, 2006

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cynthia Beasley O'Briant appeals her twenty-seven month sentence imposed following a guilty plea to embezzlement, in violation of 18 U.S.C. § 656 (2000).  We affirm.

O'Briant contends her sentence was not reasonable.  After United States v. Booker, 125 S. Ct. 738 (2005), courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a) (2000), and impose a sentence.  If a court imposes a sentence outside the guideline range, the court must state its reasons for doing so.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  We review such a sentence for reasonableness. See Booker, 125 S. Ct. at 764-67.

Here, the district court's sentencing was appropriate under Hughes.  Because O'Briant's sentence was at the low end of the advisory guidelines range and below the statutory maximum[*] for the offense, we conclude her sentence was reasonable.  Accordingly, we affirm O'Briant's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]The statutory maximum for 18 U.S.C. § 656 (2000) is thirty years.  See 18 U.S.C. § 656 (2000).

- 2 -